UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| BRIAN K. MILWARD and LINDA J. MILWARD, <br><br> Plaintiffs, <br><br> - vs - <br><br> ACUITY SPECIALTY PRODUCTS GROUP, INC.; AGS COMPANY; ARISTECH CHEMICAL CORPORATION; BERRYMAN PRODUCTS, INC.; BOSTICK, INC.; BOYLE-MIDWAY, INC.; THE CLOROX COMPANY; CRC INDUSTRIES, INC.; HENKEL CORPORATION; LA-CO INDUSTRIES, INC./MARKAL; LPS INDUSTRIES, INC.; NCH CORPORATION, CHEMSEARCH DIVISION; NICUS CORPORATION; NU-CALGON WHOLESALER, INC.; RADIATOR SPECIALTY COMPANY; RUST-O-LEUM CORPORATION; SHERWINWILLIAMS COMPANY; THE STECOCORPORATION; SUNNYSIDE CORPORATION; SUNOCO, INC.; UNITED STATES STEEL CORPORATION; USX CORPORATION; WD-40 COMPANY; and ZEP MANUFACTURING COMPANY, <br><br> Defendants. | **COMPLAINT** <br><br> **and** <br><br> **JURY DEMAND** |

## PARTIES, JURISIDICTION AND VENUE

1. Plaintiffs Brian K. Milward and his wife, Linda J. Milward ("Plaintiffs") are residents of Saugus, Essex County, Massachusetts.

2. Defendant ACUITY SPECIALTY PRODUCTS GROUP, INC., Individually, and d/b/a ZEP MANUFACTURING COMPANY, and f/k/a THE ZEP GROUP, INC. is a Delaware

corporation, with its principal place of business in Atlanta, Georgia. During the relevant period of time, this Defendant conducted business in Massachusetts.

3. Defendant AGS COMPANY is a Michigan limited partnership, with its principal place of business in Muskegon Heights, Michigan. All partners of the company reside in the state of Michigan. During the relevant period of time, this Defendant conducted business in Massachusetts.

4. Defendant ARISTECH CHEMICAL CORPORATION, individually and as successor in interest to USS Chemicals Division of United States Steel Corporation, is a Delaware corporation, with its principal place of business in Philadelphia, Pennsylvania. During the relevant period of time, this Defendant conducted business in Massachusetts.

5. Defendant BERRYMAN PRODUCTS, INC. is a Texas corporation, with its principal place of business in Arlington, Texas. During the relevant period of time, this Defendant conducted business in Massachusetts.

6. Defendant BOSTICK, INC., Individually, and f/k/a BOSTICK FINDLEY, INC. is a Delaware corporation, with its principal place of business in Wauwatosa, Wisconsin. During the relevant period of time, this Defendant conducted business in Massachusetts.

7. Defendant BOYLE-MIDWAY, INC. is a Delaware corporation, with its principal place of business in Wayne, New Jersey. During the relevant period of time, this Defendant conducted business in Massachusetts.

8. Defendant THE CLOROX COMPANY is a California corporation, with its principal place of business in Oakland, California. During the relevant period of time, this Defendant conducted business in Massachusetts.

9. Defendant CRC INDUSTRIES, INC., Individually, and as successor in interest to CRC CHEMICALS, INC. is a Pennsylvania corporation, with its principal place of business in Warminster, Pennsylvania. During the relevant period of time, this Defendant conducted business in Massachusetts.

10. Defendant HENKEL CORPORATION, Individually, and as successor by merger to HENKEL LOCTITE CORPORATION, and as successor in interest to LOCTITE CORPORATION is a Delaware corporation, with its principal place of business in Gulph Mills, Pennsylvania. During the relevant period of time, this Defendant conducted business in Massachusetts.

11. Defendant LA-CO INDUSTRIES, INC./MARKAL is an Illinois corporation, with its principal place of business in Elk Grove Village, Illinois. During the relevant period of time, this Defendant conducted business in Massachusetts.

12. Defendant LPS INDUSTRIES, INC. is a New Jersey corporation, with its principal place of business in Newark, New Jersey. During the relevant period of time, this Defendant conducted business in Massachusetts.

13. Defendant NCH CORPORATION, CHEMSEARCH DIVISION, is a Delaware corporation with its principal place of business in Irving, Texas. During the relevant period of time, this Defendant conducted business in Massachusetts.

14. Defendant NICUS CORPORATION, Individually, and f/k/a VIRGINIA KMP CORPORATION is a Texas corporation, with its principal place of business in Dallas, Texas. During the relevant period of time, this Defendant conducted business in Massachusetts.

15. Defendant NU-CALGON WHOLESALER, INC., is a Missouri corporation with its principal place of business in St. Louis, Missouri. During the relevant period of time, this Defendant conducted business in Massachusetts.

16. Defendant RADIATOR SPECIALTY COMPANY is a North Carolina corporation, with its principal place of business in Charlotte, North Carolina. During the relevant period of time, this Defendant conducted business in Massachusetts.

17. Defendant RUST-O-LEUM CORPORATION is an Illinois corporation, with its principal place of business in Vernon Hills, Illinois. During the relevant period of time, this Defendant conducted business in Massachusetts.

18. Defendant SHERWIN WILLIAMS COMPANY, Individually, and as successor in interest to MARTIN SENOUR PAINT COMPANY a/k/a SENOUR PAINT COMPANY, is an Ohio corporation, with its principal place of business in Cleveland, Ohio. During the relevant period of time, this Defendant conducted business in Massachusetts.

19. Defendant THE STECO CORPORATION is an Arkansas corporation, with its principal place of business in Little Rock, Arkansas. During the relevant period of time, this Defendant conducted business in Massachusetts.

20. Defendant SUNNYSIDE CORPORATION is an Illinois corporation, with its principal place of business in Wheeling, Illinois. During the relevant period of time, this Defendant conducted business in Massachusetts.

21. Defendant SUNOCO, INC., individually and as successor in interest to USS Chemicals Division of United States Steel Corporation is a Delaware corporation, with its principal place of business in Wilmington, Delaware. During the relevant period of time, this Defendant conducted business in Massachusetts.

22.     Defendant, UNITED STATES STEEL CORPORATION, individually, f/k/a United States Steel LLC, and f/k/a USX Corporation, is a Delaware corporation, with its principal place of business in Pittsburgh, Pennsylvania. During the relevant period of time, this Defendant conducted business in Massachusetts.

23.     Defendant USX CORPORATION, individually, f/k/a U.S. Steel Company, f/k/a United States Steel Corporation and as a subsidiary of Marathon Oil Company, is a Delaware corporation, with its principal place of business in Pittsburgh, Pennsylvania. During the relevant period of time, this Defendant conducted business in Massachusetts.

24.     Defendant WD-40 COMPANY is a California corporation, with its principal place of business in San Diego, California. During the relevant period of time, this Defendant conducted business in Massachusetts.

25.     Defendant ZEP MANUFACTURING COMPANY is a Georgia corporation, with its principal place of business in Atlanta, Georgia. During the relevant period of time, this Defendant conducted business in Massachusetts.

26.     All of the foregoing defendants are herein after collectively referred to as "DEFENDANTS".

27.     This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, excluding interests and costs.

28.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the acts and omissions occurred in this judicial district including, but not limited to, Plaintiffs' use of Defendants' benzene-containing products and the resulting toxic exposures, occurred in

large part in the District of Massachusetts. Additionally, Plaintiffs reside in the District of Massachusetts.

## GENERAL ALLEGATIONS

29. During the period from approximately 1973 to the present, Plaintiff Brian K. Milward worked for various employers as a refrigeration technician in the Boston, Massachusetts area, working as assigned to jobs at different work sites in Massachusetts and surrounding states.

30. During this employment as a refrigeration technician, Mr. Milward was exposed to toxins and carcinogens, including but not limited to solvents, naptha, toluene, xylene, benzene, benzene-containing products, Liquid Wrench, petroleum distillates, and/or other carcinogens supplied and/or manufactured by Defendants. Mr. Milward's exposures to these solvents and chemicals were a legal cause of his development of cancer, namely Acute Promyelocytic Leukemia, and other injuries.

31. In addition to the toxins and carcinogens described above to which Brian K. Milward was exposed during the course of his employment, Mr. Milward also was exposed to products manufactured and/or sold by Defendants which included benzene as an ingredient or contaminant (hereinafter "benzene-containing products") during the course of performing repairs and other work to vehicles owned by him and others, and during the performance of work and maintenance on his home. Moreover, Mr. Milward was exposed to benzene and benzene-containing products, including Raffinate that were manufactured and/or sold by Defendants Radiator Specialty Company and United States Steel Corporation the "Raffinate Defendants".

32. Brian K. Milward was exposed to dangerous levels of benzene, solvents, naptha, toluene, xylene and petroleum distillates by working with and being exposed to the aforesaid products manufactured or sold by DEFENDANTS.

33. As a direct and proximate result of Brian K. Milward's exposure to benzene, Raffinate, and the other benzene-containing products set forth above, he developed Acute Promyelocytic Leukemia and other blood disorders and diseases.

34. Brian K. Milward was diagnosed with Acute Promyelocytic Leukemia on or about October 21, 2004.

## DISCOVERY RULE

35. Plaintiffs hereby plead and invoke the "discovery rule." Plaintiffs will show that after reasonably exercising due diligence, they did not learn the nature of the cause of the subject injuries or that such injuries were chemically-related until less than three years prior to the filing of the Plaintiffs' causes of action herein.

## COUNT I
### Claim of Plaintiffs against Defendants for Personal Injuries
### Predicated on NEGLIGENCE
*(All Defendants)*

36. Plaintiffs incorporate herein each allegation set forth above.

37. Defendants manufactured and/or sold benzene-containing products, including those set forth hereinabove. Defendants owed a duty to users of its products, breached that duty, and were negligent and failed to use ordinary care by eliminating the benzene in their products.

38. Defendants Radiator Specialty Company, United States Steel Corporation, Aristech Chemical Company, Sunoco, Inc., and USX Corporation (hereinafter sometimes collectively referred to as the "Raffinate Defendants") manufactured and/or sold Raffinate, a constituent of Liquid Wrench, which contained benzene.

39. The Raffinate Defendants owed a duty to users of its products, breached that duty, and were negligent and failed to use ordinary care by eliminating the benzene contained in LIQUID WRENCH and in the constituent Raffinate.

40. Moreover, Defendants owed a duty to users of its products, breached that duty, and were negligent and failed to use reasonable care, in that they failed to adequately warn of the presence of benzene in those products and failed to adequately warn of the harm associated with exposure to benzene.

41. The Raffinate Defendants owed a duty to users of its products, breached that duty, and was negligent and failed to use reasonable care, in that they failed to adequately warn of the presence of benzene in the products which contained Raffinate, and failed to adequately warn of the harm associated with exposure to benzene.

42. As a direct and proximate result of the negligence of the Defendants and the Raffinate Defendants, Brian K. Milward used Defendants' and the Raffinate Defendants' benzene-containing products, and Liquid Wrench which contained Raffinate, was exposed to dangerous levels of benzene, developed Acute Promyelocytic Leukemia and other blood disorders and diseases, and thereby suffered and incurred severe and permanent injury. Brian K. Milward sustained damages, including past and future medical expenses, past and future pain and suffering, past and future mental anguish and disfigurement, past and future earnings loss and all other applicable damages.

43. As a direct and proximate result of Defendants' and the Raffinate Defendants' negligence, Brian K. Milward's wife, Linda J. Milward, has suffered and will continue to suffer the loss of the society, consortium, companionship, love, affection, support and care of her husband.

44. As a direct and proximate result of Defendants' and the Raffinate Defendants' aforementioned conduct, Plaintiffs have suffered damages in excess of $75,000, excluding interest and costs.

45. WHEREFORE, Plaintiffs Brian K. Milward and Linda J. Milward pray judgment against all Defendants herein in a fair and reasonable amount, together with costs herein expended, and for any further relief this Court deems just and proper.

## DAMAGES

46. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the injuries and damages as set forth hereinabove in excess of $75,000, excluding interests and costs.

## JURY DEMAND

47. **PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.**

## PRAYER

48. For all these reasons, Plaintiffs ask for judgment against all Defendants herein for all actual damages, pre-judgment and post-judgment interest, costs of suit, and all such other and further relief to which Plaintiffs may show themselves to be justly entitled.

>                    BRIAN K. MILWARD and LINDA J.
>                    MILWARD
>                    Plaintiffs
>                    By their attorneys
>
>                    */s/ James D. Gotz*
>                    James D. Gotz, BBO # 567157
>                    jgotz@kreindler.com
>
>                    *Kreindler & Kreindler, L.L.P.*
>                    277 Dartmouth Street
>                    Boston, MA 02116
>                    (617) 424-9100

Dated:    October 14, 2007